SHUTE SEWERAGE COMPANY ET AL. v. CITY OF MONROE.

(Filed 13 May, 1913.)

**Cities and Towns—Sewerage—Private System—Injunction.**
    This case, involving the right of an injunction against a city in constructing a sewerage system without first acquiring that of the plaintiff existing within the corporate limits of the town, is controlled by the decision in *Asbury v. Albemarle, ante,* p. 247.

HOKE and ALLEN, JJ., dissenting.

APPEAL by defendant from *Peebles, J.,* judgment rendered at chambers 3 December, 1912; from UNION.

Civil action pending in the Superior Court of Union County, brought to restrain defendant city from constructing a municipal sewerage system.

The judge enjoined the defendant from continuing the construction of its sewerage system, and defendant appealed.

*Williams, Love & McNeely and Tillett & Guthrie for plaintiff.*

*Adams, Armfield & Adams and Redwine & Sikes for defendant.*

BROWN, J. The affidavits in the record show that the plaintiff's plant was not "constructed or, owned by either a private or a *quasi*-public corporation," as it must have been in order for plaintiffs to come under the provisions of the act of 1911. It was constructed by J. Shute & Sons, a firm of individuals.

The Shute Sewerage Company had not been incorporated at the time the city made its contract for a sewerage system, but it belonged to J. Shute as an individual. The Shute Sewerage Company was not incorporated until the city's contractor had been at work for four months and had actually constructed one-seventh of the proposed system of the city.

The corporation was formed very shortly before the bringing of this action, and evidently for that purpose.

The affidavits establish in this case that the Shute sewer is not a public system. It has never purported to be one serving the public, but a reading of the ordinances which attempted to give Shute authority to put the pipes in the streets shows that it was for a limited purpose, this purpose being to supply buildings that the firm of J. Shute & Sons owned.

The fact that Shute incidentally supplied some others with sewerage who desired it does not make it a public system serving the public. The affidavits show that Shute's sewerage does not serve over 5 or 10 per cent of the inhabitants of Monroe, and that it was not constructed with a view to serving the public generally.

The affidavits of the civil engineer show that Shute's line of sewerage will not *articulate* with the city's system, and is of no possible value to it.

Assuming that the plaintiff is a private or *quasi*-public corporation, within the meaning of the act of 1911, ch. 86, and as such had constructed this sewerage line, the defendant could not be compelled to purchase it, and pay for it with the money of the taxpayers, if it is of no practical value to the municipality.

The case is governed by our decision in *Asbury v. Town of Albemarle, ante,* 247.

The judgment of the Superior Court is reversed and the injunction dissolved.

Error.

HOKE and ALLEN, JJ., dissenting.